Arch Y. Stokes, Esq., *pro hac vice pending*
Email: astokes@stokesroberts.com
Karl M. Terrell, Esq., *pro hac vice pending*
Email: kterrell@stokesroberts.com
Stokes Roberts & Wagner
3593 Hemphill St.
Atlanta, GA 30337
Telephone: 404-766-0076
Facsimile: 404-766-8823

Adolf V. Zeman, Esq., ABA 0411082
Email: azeman@dmgz.com
DeLisio Moran Geraghty & Zobel, P.C.
945 West Sixth Avenue
Anchorage, Alaska 99501
Telephone: 907-279-9574
Facsimile: 907-276-4231

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ASHFORD TRS NICKEL, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITE HERE, LOCAL 878, )<br>)<br>Defendants. )<br>) | Case No. 3:10-cv-_____ |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Ashford TRS Nickel LLC [hereinafter "Plaintiff", "Sheraton Anchorage" and "the Hotel"] by and through its attorneys, and for its Complaint against Defendant UNITE HERE, Local 878 [hereinafter "Defendant", "Local 878" or "the Union"] states as follows:

## NATURE OF THE ACTION

This is an action against Local 878 for tortiously interfering with the Hotel's existing and prospective business relations, and defaming the Hotel and its management in a calculated campaign to damage the Hotel.

Until recently, Local 878 represented employees at the Sheraton Anchorage and over the past many years negotiated collective bargaining agreements with the Hotel on behalf of the Hotel's employees. Several months before the expiration of the most recent collective bargaining agreement, the Hotel initiated collective bargaining negotiations with the Union. After nearly one full year of bargaining, the Hotel took the position that the negotiations were at an impasse. The Union disagreed with this position and began a series of violent and disruptive actions to financially damage the Hotel in an attempt to bring it back to the negotiating table. For example, Hotel managers and employees have received death threats, and Union protests at the Hotel have garnered police and media attention. As part of these attacks, the Union has sought out current and future groups of guests scheduled to hold conferences and functions at Sheraton Anchorage, and then defamed, harassed and threatened them in an attempt to coerce these clients to breach their contracts with the Hotel.

Although the Union's strong-arm tactics did not bring the Hotel back to the bargaining table, the Union did damage the Hotel. To date, the Hotel has discovered $638,372 in lost revenue as a

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
___
(907) 279-9574

direct result of the Union's defamatory, threatening and tortious conduct for which the Hotel now seeks redress.

### THE PARTIES

**1.** Plaintiff Ashford TRS Nickel LLC is a Delaware Limited Liability Corporation with its principal place of business and registered office located at 14185 Dallas Parkway #1150, Dallas, Texas 75254. Plaintiff is the operating lessee of the Sheraton Anchorage Hotel & Spa, located at 401 East 6th Ave, Anchorage, Alaska, 99501. In addition to the Sheraton Anchorage, Plaintiff operates four (4) other hotels in various states, all outside of Alaska.

**2.** Defendant UNITE HERE, Local 878 is a hotel workers union whose principal place of business and registered office is located in Anchorage, Alaska. Defendant may be served with process by delivering a copy of the Summons and Complaint to its President, Marvin Jones, at 530 E. 4th Avenue, Anchorage, AK 99501.

### JURISDICTION AND VENUE

**3.** This Court has jurisdiction under 28 U.S.C. § 1332 because the Hotel's claims herein exceed $75,000 and the parties are citizens of different states.

**4.** Venue is proper in this Court because the events surrounding the claims in this Complaint occurred in Alaska.

### FACTS

**5.** For the past many years, Local 878 was recognized as the exclusive collective bargaining representative for employees at the Sheraton Anchorage. The most recent collective bargaining agreement between Local 878 and the Sheraton Anchorage became effective on March

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

1, 2005, with a four (4) year term that expired on February 28, 2009 [hereinafter "the Collective Bargaining Agreement"].

6. Sheraton Anchorage initiated collective bargaining negotiations on October 27, 2008, for a new Collective Bargaining Agreement.

7. During those collective bargaining negotiations, the Collective Bargaining Agreement, originally set to expire on February 28, 2009, was extended until August 31, 2009, by agreement of the parties. However, the Collective Bargaining Agreement expired before the Hotel and the Union could reach a new agreement.

8. On October 6, 2009, after almost one (1) year of unproductive negotiations, Sheraton Anchorage informed Local 878 that the collective bargaining negotiations were at an impasse. On October 9, 2009, Sheraton Anchorage informed the Union of its intention to implement their last contract proposal on October 17, 2009.

9. Local 878 disagreed that the negotiations were at an impasse and began a series of attacks on the Hotel, its management and its ownership in an effort to bring the Sheraton Anchorage back to the bargaining table. As the timeline below indicates, these attacks were nothing short of a concerted effort to engage in conduct to damage the financial health of the Hotel by convincing the Hotel's existing and prospective business clients through threats and coercion to cancel lucrative contracts with the Hotel.

10. On November 17, 2009, Local 878 officially began its announced boycott of Sheraton Anchorage with a petition delivered to the Hotel's management, and an article published in the *Anchorage Daily News*.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

11. On November 20, 2009, a phone message was received by the Spanish-speaking Housekeeping Supervisor at Sheraton Anchorage that, when translated from Spanish, means "You die s-- of a b----."

12. On November 23, 2009, the President of Local 878, Marvin Jones, called the General Manager of the Hotel, Denis Artiles. Mr. Jones complained about the suspension of a few Hotel employees who were found to be in violation of a number of the Hotel's rules. Mr. Jones told Mr. Artiles that from now on there would be "no more rules."

13. Local 878 sought out businesses, organizations and individuals who had scheduled business at Sheraton Anchorage to persuade them not to patronize the Hotel.

14. The Louisiana Center for Women and Government contracted with Sheraton Anchorage on February 22, 2010, to hold a conference at the Hotel on June 3 – 5, 2010. This event was expected to generate $46,754 in revenue for the Hotel.

15. On May 20, 2010, speakers and panelists who expected to attend the Louisiana Women's Conference received phone calls from representatives of the Union who "threatened" them if they attended the conference at the Sheraton Anchorage.

16. As a direct result of the Union's threats and the safety concerns of its guests, the Louisiana Center for Women and Government cancelled its conference and its contract with Sheraton Anchorage on May 27, 2010. After the deposit was taken, a total of $41,754 in revenue for the Hotel was lost.

17. In November 2009, the Alaska Department of Labor & Workforce Development signed a contract with the Hotel to schedule the Governor's Safety Conference at the Sheraton Anchorage for March 23 – 25, 2010, that was expected to generate $36,832 in catering and rooms

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

239326 - Plaintiff's Complaint
*Ashford TRS Nickel v. Local 878;* 3:10-cv-____          Page 5 of 15

revenue for the Hotel. As a result, the Governor's Safety Conference cancelled its plans to hold its 2011 and 2012 events at Sheraton Anchorage as well.

18. On February 29, 2010, the Alaska Department of Labor & Workforce Development breached its contract citing, among other things, a phone call from a representative of Local 878. This Union representative specifically described the "*vigorous* picket lines" that the conference attendees will need to cross, inferring that the safety of the attendees at the Governor's Safety Conference would be a concern.

19. As a direct result of the Union's threats and the safety concerns of its guests, Alaska Department of Labor & Workforce Development cancelled its conference and its contract with Sheraton Anchorage on February 19, 2010. A total of $36,832 in revenue for the Hotel was lost.

20. The Alaska Primary Care Association scheduled a conference at the Sheraton Anchorage that was expected to generate $3,241 in catering and rooms revenue for the Hotel.

21. On November 3, 2009, the Alaska Primary Care Association cancelled a scheduled event at the Hotel, citing, among other things, successive, harassing phone calls from representatives of Local 878.

22. As a direct result of the Union's harassing phone calls, the Alaska Primary Care Association cancelled its planned event with Sheraton Anchorage on February 19, 2010. A total of $3,241 in revenue for the Hotel was lost.

23. On June 8, 2010, the Alaska Responsible Beverage retailers Association signed a contract with the Hotel to hold a conference at the Sheraton Anchorage on August 21, 2010, that was expected to generate $7,150 in catering and rooms revenue for the Hotel.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

24. The Alaska Responsible Beverage Retailers Association terminated its contract with the Hotel citing, among other things, successive, harassing phone calls from representatives of Local 878.

25. As a direct result of the Union's harassing phone calls, the Alaska Responsible Beverage retailers Association cancelled its conference and its contract with Sheraton Anchorage on May 29, 2010. A total of $6,150 in revenue for the Hotel was lost.

26. Resource Media signed a contract with the Hotel to hold an event at the Sheraton Anchorage that was expected to generate $350 in revenue for the Hotel.

27. Resource Media terminated its contract with the Hotel citing, among other things, threatening phone calls from representatives of Local 878.

28. As a direct result of the Union's harassing phone calls, Resource Media cancelled its event and its contract with Sheraton Anchorage on May 29, 2010. After the deposit was taken, a total of $170 in revenue for the Hotel was lost.

29. The Western States Communication Association reserved rooms, catering, and event services at the Sheraton Anchorage that was expected to generate $36,040 in revenue for the Hotel.

30. On December 22, 2009, the Western States Communication Association cancelled their scheduled event at the Hotel citing successive, harassing phone calls from representatives of Local 878.

31. As a direct result of the Union's harassing phone calls, the Western States Communication Association cancelled its planned event with Sheraton Anchorage. All $36,040 in revenue for the Hotel was lost.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

32. Alaskan businesses, each identified in the attached Exhibit A, scheduled conference, catering, event services, and reserved guest rooms at the Sheraton Anchorage [hereinafter "Potential Business"]. Exhibit A is wholly incorporated into this Complaint as if fully set forth herein. Some of that potential business had been scheduled two (2) years in advance.

33. Local 878 communicated by and through its agent, wholly and in-part false statements to representatives of the Potential Business.

34. As a result of Local 878's derogatory false statements, all of the Potential Business cancelled its planned events at Sheraton Anchorage.

35. This cancellation resulted in the loss of $638,372 of revenue for the Sheraton Anchorage.

**Count I**
**Tortious Interference with Contractual Relations**

36. Sheraton Anchorage realleges and incorporates the allegations of the previous 35 paragraphs of this Complaint into this paragraph 36.

37. On February 22, 2010, Sheraton Anchorage contracted with the Louisiana Center for Women and Government at Nichols State University to provide conference, catering and event services.

38. Local 878 learned of the Hotel's contractual relationship and sought out speakers and panelists for the Louisiana Center for Women and Government conference.

39. Representatives of Local 878 threatened speakers and panelists secured by the Louisiana Center for Women and Government conference contracted to be held at the Hotel.

40. Representatives of Local 878 told the Louisiana panelists that they were being threatened because the Louisiana Conference was to be held at the Sheraton Anchorage.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

239326 - Plaintiff's Complaint
*Ashford TRS Nickel v. Local 878;* 3:10-cv-____   Page 8 of 15

Case 3:10-cv-00213-HRH   Document 1   Filed 09/23/10   Page 8 of 15

**41.** As a result of Local 878's threats to the Louisiana panelists, on May 27, 2010, the Louisiana Center for Women and Government terminated its contract for conference, catering, and event services with Sheraton Anchorage by invoking the "*force majeure"* clause contained in the agreement between the two.

**42.** The contract with the Louisiana Center for Women and Government resulted in $41,754 in lost revenue for the Sheraton Anchorage.

**43.** Local 878's threatening communications with Louisiana Center for Women and Government were not privileged or justified.

## Count II
## Tortious Interference with Contractual Relations

**44.** Sheraton Anchorage realleges and incorporates the allegations of the previous 43 paragraphs of this Complaint into this paragraph 44.

**45.** Sheraton Anchorage contracted with the Alaska Department of Labor and Workforce Development to provide conference, catering and event services.

**46.** Local 878 learned of the Hotel's contractual relationship and sought out representatives of the Alaska Department of Labor and Workforce Development.

**47.** Representatives of Local 878 spoke to representatives of the Alaska Department of Labor and Workforce Development and implied that the guests at the conference would be attending at the risk of their own personal safety.

**48.** As a result of Local 878's implied threats and out of concern for their guests' safety, the Alaska Department of Labor and Workforce Development terminated its contract for conference, catering, and event services with Sheraton Anchorage.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

**49.** The Alaska Department of Labor and Workforce Development's termination of its contract with the Hotel resulted in $36,832 in lost revenue for the Sheraton Anchorage.

**50.** Local 878's threatening communications with the Alaska Department of Labor and Workforce Development were not privileged or justified.

### Count III
### Tortious Interference with Prospective Economic Advantage

**51.** Sheraton Anchorage realleges and incorporates the allegations of the previous 50 paragraphs of this Complaint into this paragraph 51.

**52.** Alaska Primary Care Association scheduled conference, catering, and event services at the Sheraton Anchorage.

**53.** Local 878 learned of the Hotel's expected financial gain and sought out representatives of the Alaska Primary Care Association.

**54.** Representatives of Local 878 harassed representatives of the Alaska Primary Care Association with repeated and uninvited phone calls because their event was scheduled at Sheraton Anchorage.

**55.** As a result of Local 878's threats, the Alaska Primary Care Association cancelled its plans for conference, catering and event services at Sheraton Anchorage.

**56.** The Alaska Primary Care Association's termination of its contract with the Hotel resulted in $3,241 in lost revenue for the Sheraton Anchorage.

**57.** Local 878's harassing communications with the Alaska Primary Care Association were not privileged or justified.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

## Count IV
## Tortious Interference with Contractual Relations

58. Sheraton Anchorage realleges and incorporates the allegations of the previous 57 paragraphs of this Complaint into this paragraph 58.

59. Sheraton Anchorage contracted with the Alaska Responsible Beverage Retailers Association to provide conference, catering and event services.

60. Local 878 learned of the Hotel's contractual relationship and sought out representatives of the Alaska Responsible Beverage Retailers Association.

61. Representatives of Local 878 threatened representatives of the Alaska Responsible Beverage Retailers Association by implying that their guests would be subjected to violence if they held their conference at Sheraton Anchorage.

62. As a result of Local 878's threats, the Alaska Responsible Beverage Retailers Association terminated its contract for conference, catering and event services with Sheraton Anchorage.

63. The Alaska Responsible Beverage Retailers Association's termination of its contract with the Hotel resulted in $7,150 in lost revenue for the Sheraton Anchorage.

64. Local 878's threatening communications with the Alaska Responsible Beverage Retailers Association were not privileged or justified.

## Count V
## Tortious Interference with Contractual Relations

65. Sheraton Anchorage realleges and incorporates the allegations of the previous 64 paragraphs of this Complaint into this paragraph 65.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

239326 - Plaintiff's Complaint
*Ashford TRS Nickel v. Local 878;* 3:10-cv-____

Page 11 of 15

Case 3:10-cv-00213-HRH   Document 1   Filed 09/23/10   Page 11 of 15

66. Sheraton Anchorage contracted with Resource Media to provide catering and event services.

67. Local 878 learned of the Hotel's contractual relationship and sought out representatives of Resource Media.

68. Representatives of Local 878 threatened representatives of Resource Media by implying that their guests would be subjected to violence if they held their conference at Sheraton Anchorage.

69. As a result of Local 878's threats, Resource Media terminated its contract for conference, catering and event services with Sheraton Anchorage.

70. Resource Media's termination of its contract with the Hotel resulted in $170 in lost revenue for the Sheraton Anchorage.

71. Local 878's threatening communications with Resource Media were not privileged or justified.

**Count VI**
**Tortious Interference with Prospective Economic Advantage**

72. Sheraton Anchorage realleges and incorporates the allegations of the previous 71 paragraphs of this Complaint into this paragraph 72.

73. Western States Communication Association scheduled conference, catering and event services at the Sheraton Anchorage.

74. Local 878 learned of the Hotel's expected financial gain and sought out representatives of the Western States Communication Association.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

239326 - Plaintiff's Complaint
*Ashford TRS Nickel v. Local 878;* 3:10-cv-____                                    Page 12 of 15

75. Representatives of Local 878 harassed representatives of the Western States Communication Association with repeated and uninvited phone calls because their event was scheduled at Sheraton Anchorage.

76. As a result of Local 878's harassment, the Western States Communication Association terminated its planned events and room nights at Sheraton Anchorage.

77. The Western States Communication Association's termination of its expected business with the Hotel resulted in $36,040 in lost revenue for the Sheraton Anchorage.

78. Local 878's harassing communications with the Western States Communication Association were not privileged or justified.

### Count VII
### Defamation

79. Sheraton Anchorage realleges and incorporates the allegations of the previous 78 paragraphs of this Complaint into this paragraph 79.

80. The Potential Businesses all scheduled conference, catering, room, and or event services at the Sheraton Anchorage.

81. Local 878 communicated what it knew, or should have known were wholly and in-part false statements to representatives of each of the lost customers to intentionally drive the Potential Business away from the Hotel.

82. Local 878's communications with each of these Potential Businesses were not privileged.

83. As a result of Local 878's unprivileged statements, all of the expected Potential Business cancelled the planned events that resulted in lost revenue as described more fully in Exhibit A, but totals $638,372.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

## PRAYER FOR RELIEF

WHEREFORE, Sheraton Anchorage prays and demands the following relief:

(a)     That Defendants be served with process for this action and be required to appear as provided by law to answer this Complaint;

(b)     That Sheraton Anchorage have and recover awards for its general, special, and consequential damages against Defendant and have judgment entered thereon against the Defendant, in such amount as the finder of fact determines will fully, fairly, and completely compensate the Sheraton Anchorage for all of its losses and damages compensable under Alaska law as set forth above;

(c)     That Sheraton Anchorage have and recover an award of its expenses of litigation including its reasonable attorney's fees, pursuant to Alaska R. Civ. P. 82(a), against Defendant, and have judgment entered thereon; and

(d)     That Sheraton Anchorage has such other and further additional relief as the Court shall deem just and appropriate under the circumstances.


Dated:   9/22/10                    /s/ Arch Y. Stokes
                                    Arch Y. Stokes, Esq., *pro hac vice pending*
                                    Email: astokes@stokesroberts.com
                                    Karl M. Terrell, Esq., *pro hac vice pending*
                                    Email: kterrell@stokesroberts.com
                                    Stokes Roberts & Wagner
                                    3593 Hemphill St.
                                    Atlanta, GA  30337
                                    Telephone: 404-766-0076
                                    Facsimile: 404-766-8823

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

Dated: 9/22/10          /s/ Adolf V. Zeman
                                         Adolf V. Zeman, Esq., ABA 0411082
                                         Email: azeman@dmgz.com
                                         DeLisio Moran Geraghty & Zobel, P.C.
                                         945 West Sixth Avenue
                                         Anchorage, Alaska 99501
                                         Telephone: 907-279-9574
                                         Facsimile: 907-276-4231